(No. 1595—

NELLE A. DEAL, Claimant vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 19, 1934.*

HEYL & HEYL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant, Nelle A. Deal, age 65 years on the 4th day of December, 1931, and a resident of Peoria, Illinois, filed her declaration in this court on May 28, 1930 alleging that on September 12, 1929, she was in the employ of the State of Illinois, stationed at the Peoria State Hospital, and had been directed by her superior to go to the City of Bloomington, also in the State of Illinois, in an automobile belonging to the State and driven by a chauffeur and while enroute from Peoria to Bloomington, the chauffeur, who was likewise an employee of the State, carelessly, negligently, and recklessly drove the automobile and by reason thereof, the automobile was overturned, and the claimant was seriously and permanently injured, and she asks damages in the sum of $10,000.00 for personal injury, doctor's bill and hospital bills.

She was employed as a social worker for three years and seven months. On October 14, 1929 she reported for work and she was told that her services were no longer needed. She had been laid up three and one-half weeks. She was paid $90.00 per month salary and had an allowance of

$18.00 per month as maintenance. It would seem that she had connections with the Peoria State Hospital at Bartonville, Illinois, and it was a part of her duty to go out and visit former patients and get histories, etc. It appears from the evidence that this hospital is equipped with its own heating plant, kitchen, their buildings, their elevators are in the buildings and that it also has its own electric light plant, all of which are operated in connection with the hospital.

We are of the opinion that for this reason the claimant came under the Compensation Act, provided, however, that she had given the proper notice. On the day in question it seems as though the plaintiff had gone to Bloomington for the Jacksonville State Hospital. She was accompanied on the trip by her daughter. She had a doctor bill amounting to the sum of $23.00 which she had paid herself. The declaration does not aver that any notice was given within the period provided by Section 24 of the Compensation Act, but when claimant was asked the question whether any notice had been given to Dr. George A. Zeller, the Assistant Attorney General, Eagleton said: "No notice necessary; we will admit that."

If claimant is entitled to recover at all, it is under the Compensation Act of this State and not under the common law. She was receiving a compensation of $90.00 per month and $18.00 per month maintenance, or a total compensation of $108.00 per month. It does not appear that she had any children under sixteen years of age. She was compensated at the rate of $29.50 per week, and she was entitled to 50% of her earnings but not more than $15.00 per week. Her incapacity having existed for thirty-two days, or four weeks and four days, she is entitled to compensation for the full period of time or four and four-sevenths weeks, at $14.75 per week, or the sum of $67.43. It appears from the evidence that she has paid the physician; having done so she is entitled to be compensated for his bill.

An award in the sum of Sixty-seven Dollars and Forty-three Cents ($67.43) plus $23.00 medical bill, is therefore recommended, or a total sum of Ninety Dollars and Forty-three Cents ($90.43).